[Cite as *In re T.G.O.* , 2018-Ohio-800.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

IN THE MATTER OF: T.G.O. :
 : CASE NO. CA2017-05-012
 :
 : O P I N I O N
 : 3/5/2018
 :

APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 20540010

C.O., 1405 Brighton Road, London, Ohio 43140, plaintiff-appellant, pro se

L.G., 6329 C.R. 76, Mount Gilead, Ohio 43338, defendant-appellee, pro se

Thomas J. Arrington, 67 East High Street, London, Ohio 43140, guardian ad litem

**M. POWELL, J.**

{¶ 1}  Defendant-appellant, C.O. ("Father"), appeals a decision of the Madison County Court of Common Pleas, Juvenile Division, denying his motion to find plaintiff-appellee, L.G. ("Mother"), in contempt for violating the juvenile court's order regarding the designated place for parenting exchange of the parties' child.[1]

{¶ 2}  The parties are the parents of a 13-year old daughter.  The parties were never

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

married. In 2005, the parties entered into a shared parenting plan which was subsequently adopted by the juvenile court as the order of the court. In 2014, Mother moved to modify the parties' shared parenting plan. On January 29, 2016, the juvenile court granted Mother's motion, designating Mother as the residential parent and granting parenting time to Father. The juvenile court's order further required that "All [parenting] exchanges shall occur at a Parent's home, or a Grandparent's home unless otherwise agreed in writing."

{¶ 3} Father was to exercise parenting time with the child on the weekend of January 27, 2017. On January 26, 2017, the evening before the exchange, Mother sent a message to Father informing him that he could pick up the child at a particular restaurant. Father replied the next morning that "he would see her at her house." Later that morning, Mother responded that she and the child would be at the restaurant. That evening, Father went to Mother's home to pick up the child. Mother was not there. Father did not go to the restaurant and did not have parenting time that weekend.

{¶ 4} Consequently, Father filed a contempt motion alleging that Mother had violated the juvenile court's January 29, 2016 order by failing to have the child at her home for the parenting exchange on January 27, 2017. A hearing on the motion was held in April 2017. Mother admitted she did not have the child at her home for the parenting exchange on January 27, 2017, as required by the juvenile court's order. The parties' testimony further revealed that on prior occasions, the parties had frequently agreed to deviate from the court's order as to the place of parenting exchange.

{¶ 5} On April 17, 2017, the juvenile court denied Father's contempt motion as follows:

> In this case it is undisputed that the Mother was not at her home or a Grandparents home as provided for in paragraph 7 of the Judgment Entry of January 29, 2016. It is also undisputed that [throughout] the year since that Entry an exchange of email/text have been used to constitute an agreement to modify both the

time and place of pick-up and return. This ease of communication and agreement should be both desirable and in the best interest of the child * * * who gets to spend less restricted times with her parents, grandparents and extended family. * * * Based on the pattern of conduct with pick-up and returns and modification of times for the same in the past, **The Court Finds** that the Father has not met his burden of proof and the Motion on Contempt is therefore denied. [sic]

{¶ 6} Father now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT DETERMINED THAT FATHER HAD NOT SHOWN BEYOND A REASONABLE DOUBT THAT MOTHER DID NOT FOLLOW THE PLAN AS WRITTEN.

{¶ 8} Father argues the juvenile court erred by not finding Mother in contempt for unilaterally choosing a restaurant as the location for the January 27, 2017 parenting exchange.

{¶ 9} "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11. To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Maloney v. Maloney*, 12th Dist. Warren No. CA2015-10-098, 2016-Ohio-7837, ¶ 13. A trial court's decision in a contempt proceeding will not be reversed on appeal absent an abuse of discretion. *Id.* at ¶ 14. An abuse of discretion implies that the court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Father's assignment of error is sustained on the ground the juvenile court abused its discretion in denying Father's contempt motion. The record shows that the juvenile court's January 29, 2016 order required the parties to exchange the child "at a Parent's home, or a Grandparent's home unless otherwise agreed in writing," that Mother

- 3 -

had knowledge of the order, and that she violated the order on January 27, 2017, by unilaterally choosing a restaurant as the location for parenting exchange. *See Maloney.* While on prior occasions the parties had *both agreed* to change the place of parenting exchange, such was not the case for the January 27, 2017 parenting exchange. The record plainly shows that Father did not agree to the restaurant as the alternate place for the exchange either orally or via email or text, and in fact specifically told Mother he would pick up the child at Mother's home.

{¶ 11} We therefore find the trial court erred in failing to find Mother in contempt, and pursuant to App.R. 12(B) hereby find Mother in contempt of court. We accordingly remand this matter to the trial court to determine what sanctions, if any, should be imposed.

{¶ 12} Judgment reversed and remanded.

HENDRICKSON, P.J., and PIPER, J., concur.